**Facinet Gouly FOFANA, aka Thian Ibrahim, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 11–656–ag.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2012.

Bibiana Cristina Andrade, Esq., Law Office of Bibiana C. Andrade, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel, Puneet Cheema, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, and RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Petitioner Facinet Gouly Fofana, a native of Mali and citizen of Guinea, seeks review of a January 24, 2011, order of the BIA affirming the January 15, 2009, decision of Immigration Judge ("IJ") Noel Ann Brennan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fofana*, No. A093 408 626 (B.I.A. Jan. 24, 2011), *aff'g* No. A093 408 626 (Immig. Ct. N.Y. City Jan. 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case. Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA's decision. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005).

Fofana argues that the IJ's adverse credibility finding was not supported by the inconsistencies in his testimony. However, as the BIA found, and as the Government points out, Fofana's appeal to the BIA did not present any specific challenges to the IJ's adverse credibility finding. Accordingly, we decline to consider Fofana's challenges to the adverse credibility finding because he failed to exhaust the arguments by presenting them to the BIA in the first instance. *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir.2007) (reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision"). Because Fofana's requests for asylum, withholding of removal, and CAT relief shared the same factual basis, the agency's finding that his testimony was not credible supports the agency's denial of all three forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).